UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
WHITE, TERRENCE M. § Case No. 12-50935
CAVAZOS, CHERIE C. §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/R. SCOTT ALSTERDA_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 12-50935 | JPC | Judge: JACQUELINE P. COX | Trustee Name: | R. SCOTT ALSTERDA |
|---|---|---|---|---|---|
| Case Name: | WHITE, TERRENCE M. | | | Date Filed (f) or Converted (c): | 12/31/12 (f) |
| | CAVAZOS, CHERIE C. | | | 341(a) Meeting Date: | 02/21/13 |
| For Period Ending: | 10/02/14 | | | Claims Bar Date: | 07/29/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 16 Carol Ann Dr. Streamwood IL 60107. Valued via Z | 162,702.00 | 0.00 | | 0.00 | FA |
| 2. Chase Banking | 1,000.00 | 0.00 | | 0.00 | FA |
| 3. Chase Savings | 300.00 | 0.00 | | 0.00 | FA |
| 4. Various used household possessions | 3,000.00 | 0.00 | | 0.00 | FA |
| 5. Family photos and used books | 50.00 | 0.00 | | 0.00 | FA |
| 6. Various used clothes | 400.00 | 0.00 | | 0.00 | FA |
| 7. two wedding rings and various costume jewelry | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. I set of used golf clubs | 100.00 | 0.00 | | 0.00 | FA |
| 9. 2 Term life Insurance policies, husband and daught | 0.00 | 0.00 | | 0.00 | FA |
| 10. Term life insurance. Wife is beneficary | 0.00 | 0.00 | | 0.00 | FA |
| 11. 401k American Funds | 16,000.00 | 0.00 | | 0.00 | FA |
| 12. 401k Wells Fargo | 2,500.00 | 0.00 | | 0.00 | FA |
| 13. Husbands parents died and he has a 1/16 interest i | 16,070.70 | 12,740.37 | | 12,740.37 | FA |
| 14. 1999 Saturn SL1.  110,000 miles Owns with Ex Husba | 433.00 | 0.00 | | 0.00 | FA |
| 15. 2010 Chevy Malibu LTZ 33,000 miles.  Valued via KB | 14,188.00 | 0.00 | | 0.00 | FA |
| 16. 2003 Saturn Sedan L2000.  135,000 miles. Valued vi | 933.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $218,676.70 | $12,740.37 | | $12,740.37 | Gross Value of Remaining Assets $0.00 |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 01/03/14     Current Projected Date of Final Report (TFR): 10/15/14

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                                                Ver: 18.01

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 12-50935   JPC   Judge: JACQUELINE P. COX | Trustee Name:   R. SCOTT ALSTERDA |
| Case Name: | WHITE, TERRENCE M. | Date Filed (f) or Converted (c):   12/31/12 (f) |
| | CAVAZOS, CHERIE C. | 341(a) Meeting Date:   02/21/13 |
| | | Claims Bar Date:   07/29/13 |

/s/    R. SCOTT ALSTERDA
_____ Date: 10/02/14
R. SCOTT ALSTERDA

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 12-50935 -JPC | | Trustee Name: | R. SCOTT ALSTERDA |
|---|---|---|---|---|
| Case Name: | WHITE, TERRENCE M. | | Bank Name: | ASSOCIATED BANK |
| | CAVAZOS, CHERIE C. | | Account Number / CD #: | *******9909 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8398 | | | |
| For Period Ending: | 10/02/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/09/13 | 13 | William J White Estate | Proceeds from probate estate | 1129-000 | 12,740.37 | | 12,740.37 |
| 06/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 13.44 | 12,726.93 |
| 07/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.31 | 12,708.62 |
| 08/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.89 | 12,689.73 |
| 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.87 | 12,670.86 |
| 10/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.23 | 12,652.63 |
| 11/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.81 | 12,633.82 |
| 12/06/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 18.18 | 12,615.64 |
| 02/10/14 | 030001 | International Sureties, Ltd. | Bond #016026455 | 2300-000 | | 10.22 | 12,605.42 |
| | | 701 Poydras Street, Suite 420 | | | | | |
| | | New Orleans, LA 70139 | | | | | |

| | COLUMN TOTALS | 12,740.37 | 134.95 | 12,605.42 |
|---|---|---|---|---|
| | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 12,740.37 | 134.95 | |
| | Less: Payments to Debtors | | 0.00 | |
| | Net | 12,740.37 | 134.95 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - *******9909 | 12,740.37 | 134.95 | 12,605.42 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 12,740.37 | 134.95 | 12,605.42 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    12,740.37    134.95

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: October 02, 2014 |
|---|---|---|---|---|---|---|
| Case Number: | 12-50935 | Claim Class Sequence | | | | |
| Debtor Name: | WHITE, TERRENCE M. | | | | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000<br>2100-00 | R. SCOTT ALSTERDA AS TRUSTEE<br>3500 Three First National Plaza<br>Chicago, IL 60602 | Administrative | | $0.00 | $2,024.04 | $2,024.04 |
| 000<br>2200-00 | R. SCOTT ALSTERDA AS TRUSTEE<br>3500 Three First National Plaza<br>Chicago, IL 60602 | Administrative | | $0.00 | $0.00 | $0.00 |
| 001<br>3420-00 | Alan D. Lasko<br>Alan D. Lasko & Associates, PC<br>29 S. LaSalle Street<br>Suite 1240<br>Chicago, IL 60603 | Administrative | | $0.00 | $472.40 | $472.40 |
| 001<br>3420-00 | Alan D. Lasko<br>Alan D. Lasko & Associates, PC<br>29 S. LaSalle Street<br>Suite 1240<br>Chicago, IL 60603 | Administrative | | $0.00 | $0.43 | $0.43 |
| 001<br>3110-00 | Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>70 W. Madison<br>Chicago, IL 60602 | Administrative | | $0.00 | $1,699.50 | $1,699.50 |
| 001<br>3120-00 | Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>70 W. Madison<br>Chicago, IL 60602 | Administrative | | $0.00 | $7.24 | $7.24 |
| BOND<br>999<br>2300-00 | International Sureties, Ltd.<br>701 Poydras Street, Suite 420<br>New Orleans, LA 70139 | Administrative | | $0.00 | $10.22 | $10.22 |
| 000001<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $0.00 | $7,730.42 | $7,730.42 |
| 000002<br>070<br>7100-00 | FIA CARD SERVICES, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2238 | Unsecured | | $0.00 | $14,105.86 | $14,105.86 |
| 000004<br>070<br>7100-00 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $2,814.86 | $2,814.86 |
| 000005<br>070<br>7100-00 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $253.18 | $253.18 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: October 02, 2014 |

Case Number:  12-50935  
Debtor Name:  WHITE, TERRENCE M.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000006 070 7100-00 | Portfolio Recovery Associates, LLC Capital One, NA (HSBC Bank Nevada NA) by PRA Receivables Mgmt, LLC, agent P.O. Box 41067 Norfolk, VA 23541 | Unsecured | | $0.00 | $10,242.34 | $10,242.34 |
| 000003 050 4120-00 | PNC Mortgage a division of PNC Bank, NA attn: Bankruptcy 3232 Newmark Dr. Miamisburg, OH 45342 | Secured | | $0.00 | $151,424.61 | $151,424.61 |
| | Case Totals: | | | $0.00 | $190,785.10 | $190,785.10 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-50935
Case Name: WHITE, TERRENCE M.
    CAVAZOS, CHERIE C.
Trustee Name: R. SCOTT ALSTERDA

Balance on hand    $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000003 | PNC Mortgage | $ | $ | $ | $ |

Total to be paid to secured creditors    $_____

Remaining Balance    $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: R. SCOTT ALSTERDA | $ | $ | $ |
| Attorney for Trustee Fees: Ungaretti & Harris LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Ungaretti & Harris LLP | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko | $ | $ | $ |
| Accountant for Trustee Expenses: Alan D. Lasko | $ | $ | $ |
| Other: International Sureties, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000004 | GE Capital Retail Bank | $ | $ | $ |
| 000005 | GE Capital Retail Bank | $ | $ | $ |
| 000006 | Portfolio Recovery Associates, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors                $_____

Remaining Balance                                                    $_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE